UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FACEBOOK, INC, <br><br> Plaintiff, <br><br> v. <br><br> PHOENIX MEDIA/COMMUNICATIONS GROUP, INC., PEOPLE2PEOPLE GROUP, INC., TELE-PUBLISHING, INC., AND FNX BROADCASTING LLC, <br><br> Defendants. | C.A. No. <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Facebook, Inc. ("Facebook") alleges as follows:

**1.** This is an action for infringement under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This action is related to *Tele-Publishing, Inc. v. Facebook, Inc. and TheFacebook, LLC*, C.A. No. 1:09-11686-DPW (D. Mass.), in which Facebook is being sued for alleged patent infringement by Tele-Publishing, Inc. ("TPI"). Pursuant to the Honorable Douglas P. Woodlock's oral order on October 7, 2010, Facebook is filing its patent counterclaims against TPI (and its affiliates as named herein) in a separate complaint rather than as counterclaims to the pending TPI suit. Facebook will seek to have this action assigned to Judge Woodlock pursuant to his October 7 order and consolidated with the pending TPI action.

### PARTIES

**2.** Facebook is a Delaware corporation with its principal place of business at 1601 S. California Avenue, Palo Alto, California 94304.

3.     On information and belief, Defendants Phoenix Media/Communications Group, Inc., ("PMC") People2People Group, Inc. ("P2P"), TPI, and FNX Broadcasting LLC ("FNX") (collectively, "Defendants") are Massachusetts corporations with a principal place of business at 126 Brookline Avenue, Boston, Massachusetts 02215, and doing business in this jurisdiction and elsewhere in Massachusetts and the United States.

4.     On information and belief, Defendants are among a group of affiliated companies that are commonly owned and controlled. Facebook reserves the right to amend this Complaint to name additional affiliated entities should discovery reveal that they should be named.

## JURISDICTION AND VENUE

5.     This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it arises under the patent laws of the United States (Title 35 of the United States Code).

6.     This Court has personal jurisdiction over Defendants because they are Massachusetts corporations, do business in this District, and have committed the acts of infringement complained of herein in this District and elsewhere. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## COUNT ONE
### (Infringement of U.S. Patent No. 6,199,157)

7.     Facebook incorporates by reference paragraphs 1-6 as if fully set forth herein.

8.     Facebook is the owner by assignment of United States Patent No. 6,199,157 ("the '157 patent"), entitled "System, Method and Medium for Managing Information," issued by the United States Patent and Trademark Office on March 6, 2001. A true and correct copy of the '157 patent is attached as Exhibit A.

9. On information and belief, Defendant PMC infringes and has infringed one or more claims of the '157 patent by, for example, providing a computer-implemented method for configuring an item, wherein said item comprises two or more optional components, comprising the steps of: (1) creating two or more options, wherein said two or more options correspond to said two or more optional components; (2) associating attributes with each of said two or more options, wherein said attributes relate to characteristics of said two or more components; (3) creating, from said two or more options, a hierarchical option tree; (4) selecting one or more options from said option tree; (5) implementing, responsive to said step (4), at least one attribute corresponding to said one or more selected options, and placing said at least one attribute into an instance creation file; and (6) accessing and utilizing said instance creation file during the operation of said item, for example, through the "Band Guide," "Events" search, and "Find Restaurants" features available on PMC's website, http://thephoenix.com (e.g., at http://bandguide.thephoenix.com/resources.aspx, http://thephoenix.com/Boston/Events/Search/, and http://thephoenix.com/Boston/Food/).

10. On information and belief, Defendant PMC, infringes and has infringed one or more claims of the '157 patent by, for example, providing a computer-implemented method for configuring an item, wherein said item comprises two or more optional components, comprising the steps of: (1) creating two or more options, wherein said two or more options correspond to said two or more optional components; (2) associating attributes with each of said two or more options, wherein said attributes relate to characteristics of said two or more components; (3) creating, from said two or more options, a hierarchical option tree; (4) selecting one or more options from said option tree; (5) implementing, responsive to said step (4), at least one attribute corresponding to said one or more selected options, and placing said at least one attribute into an

instance creation file; and (6) accessing and utilizing said instance creation file during the operation of said item, for example, through the "Advanced Search" feature accessible from http://thephoenix.com/, provided by PMC through http://thephoenix.loveaccess.com/, and through the "Advanced Movie Search" feature accessible from http://thephoenix.com/adult/blogs/adult/pages/video.aspx, provided by PMC through http://theater.aebn.net.

11. On information and belief, Defendants P2P and TPI, infringe and have infringed one or more claims of the '157 patent by, for example, providing a computer-implemented method for configuring an item, wherein said item comprises two or more optional components, comprising the steps of:  (1) creating two or more options, wherein said two or more options correspond to said two or more optional components; (2) associating attributes with each of said two or more options, wherein said attributes relate to characteristics of said two or more components; (3) creating, from said two or more options, a hierarchical option tree; (4) selecting one or more options from said option tree;  (5) implementing, responsive to said step (4), at least one attribute corresponding to said one or more selected options, and placing said at least one attribute into an instance creation file; and (6) accessing and utilizing said instance creation file during the operation of said item, for example, through the "Advanced Search" feature provided by P2P and TPI through http://people2people.loveaccess.com/login.htm, previously accessible from http://www.people2people.com.

12. On information and belief, each Defendant directly infringes the '157 patent because it makes, uses, and/or sells services that meet each limitation of at least one claim.  To the extent elements of any claim are performed by non-parties LifeAccess.com, Inc. d/b/a LoveAccess.com and AEBN (Adult Entertainment Broadcasting Network), Defendants nonetheless directly infringe because they use and sell the entire infringing method, and

alternatively, because they control or direct the infringing actions of LoveAccess.com and AEBN, who provide the infringing features on Defendants' behalf.

13. On information and belief Defendants' infringement is willful with full knowledge of the '157 patent since no later than June 21, 2010.

14. Facebook has been and will continue to be damaged and irreparably harmed by Defendants' infringement, which will continue unless Defendants are enjoined by this Court.

## COUNT TWO
### (Infringement of U.S. Patent No. 6,314,458)

15. Facebook incorporates by reference paragraphs 1-6 as if fully set forth herein.

16. Facebook is the owner by assignment of United States Patent No. 6,314,458 ("the '458 patent"), entitled "Apparatus and Method for Communication Between Multiple Browsers," issued by the United States Patent and Trademark Office on November 6, 2001, based on an application filed on March 31, 2000.  A true and correct copy of the '458 patent is attached as Exhibit B.

17. On information and belief, Defendant FNX infringes and has infringed one or more claims of the '458 patent by, for example, providing a method for providing flexible communications of data modification of network resources between a plurality of browsers, the method comprising the steps of:  receiving a request for service from one of the plurality of browsers; performing the request for service; generating a database change notice if database data accessible to the plurality of browsers was modified while performing the request for service; and transmitting the database change notice to a security server for retransmission to the plurality of browsers, for example, through the "FNX Radio Network Music Player" available on FNX's website, http://fnxradio.com/player/new/.

18. On information and belief, Defendant PMC, infringes and has infringed one or more claims of the '458 patent by, for example, providing a method for providing flexible communications of data modification of network resources between a plurality of browsers, the method comprising the steps of: receiving a request for service from one of the plurality of browsers; performing the request for service; generating a database change notice if database data accessible to the plurality of browsers was modified while performing the request for service; and transmitting the database change notice to a security server for retransmission to the plurality of browsers, for example, through "Buddy List" and "Video Chat Rooms" features accessible from http://thephoenix.com/, provided by PMC through http://thephoenix.loveaccess.com/.

19. On information and belief, Defendants P2P and TPI, infringe and have infringed one or more claims of the '458 patent by, for example, providing a method for providing flexible communications of data modification of network resources between a plurality of browsers, the method comprising the steps of: receiving a request for service from one of the plurality of browsers; performing the request for service; generating a database change notice if database data accessible to the plurality of browsers was modified while performing the request for service; and transmitting the database change notice to a security server for retransmission to the plurality of browsers, for example, through the "Buddy List" and "Video Chat Rooms" features provided by P2P and TPI through http://people2people.loveaccess.com/login.htm, previously accessible from http://www.people2people.com.

20. On information and belief, each Defendant directly infringes the '458 patent because it makes, uses, and/or sells services that meet each limitation of at least one claim. To the extent elements of any claim are performed by non-party LifeAccess.com, Inc. d/b/a

LoveAccess.com, Defendants nonetheless directly infringe because they use and sell the entire infringing method, and alternatively, because they control or direct the actions of LoveAccess.com, who provide the infringing features on Defendants' behalf.

**21.** On information and belief Defendants' infringement is willful with full knowledge of the '458 patent since no later than June 21, 2010.

**22.** Facebook has been and will continue to be damaged and irreparably harmed by Defendants' infringement, which will continue unless Defendants are enjoined by this Court.

### PRAYER FOR RELIEF

WHEREFORE, Facebook requests that this Court enter:

**1.** A judgment in favor of Facebook that the Defendants infringe the '157 and '458 patents.

**2.** A permanent injunction enjoining Defendants from further infringing the '157 and '458 patents.

**3.** An award of damages according to proof at trial under 35 U.S.C. § 284 together with pre-judgment and post-judgment interest on those damages and any supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting, as needed, and a judgment that the damages so adjudged be trebled pursuant to 35 U.S.C. § 284 in light of Defendants' deliberate and willful infringement.

**4.** A judgment that this is an exceptional case and that Facebook be awarded its attorneys' fees, costs, and expenses incurred in this action pursuant to 35 U.S.C. § 285.

**5.** Such other relief as this Court deems just and appropriate.

### JURY DEMAND

Facebook respectfully requests a jury trial on all issues triable thereby.

| | |
|---|---|
| Dated: November 8, 2010 | By:    /s/ Donald K. Stern                    <br>      Donald K. Stern |

Donald K. Stern (BBO No. 479420)
dstern@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116
Telephone: (617) 937-2300; Facsimile: (617) 937-2400

OF COUNSEL:
Heidi L. Keefe
hkeefe@cooley.com
Mark R. Weinstein
mweinstein@cooley.com
Reuben H. Chen
rchen@cooley.com
Adam M. Pivovar
apivovar@cooley.com
Daniel J. Knauss
dknauss@cooley.com
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000; Facsimile: (650) 857-0663