UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FACEBOOK, INC,<br><br>             Plaintiff,<br><br>     v.<br><br>PHOENIX MEDIA/COMMUNICATIONS GROUP, INC., PEOPLE2PEOPLE GROUP, INC., TELE-PUBLISHING, INC., AND FNX BROADCASTING LLC,<br><br>             Defendants. | C.A. No. 1:10-cv-11917-DPW |

## JOINT STATUS REPORT

Pursuant to the Court's April 17, 2012 Notice, Plaintiff Facebook, Inc. ("Facebook") and Defendants Phoenix Media/Communications Group, Inc. ("PMC"), People2People Group, Inc., ("P2P"), and FNX Broadcasting LLC ("FNX") submit this joint status report.

**I.   REPORT ON MEDIATION**

The parties participated in mediation on February 8, 2012 and April 13, 2012 before Magistrate Judge Dien.  On April 13, 2012, Magistrate Judge Dien issued a report to restore the case to the Court's trial list.

**II.   STATUS OF PMC AND P2P'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

At the December 14, 2011 hearing, the Court denied PMC and P2P's motion for partial summary judgment of invalidity of U.S. Patent No. 6,199,157 (the "'157 patent"), based on 35 U.S.C. § 102.  (D.I. 58.)

With respect to PMC and P2P's reply, which raised invalidity based on 35 U.S.C. § 101 (D.I. 75), the issue is now fully briefed for the Court.  In support of its sur-reply (D.I. 79), Facebook has filed the expert affidavit of Saul Greenberg, Ph.D.  (D.I. 82.)  PMC and P2P did

not file a response. The Court previously indicated that it did not wish to hold another hearing on this issue and would decide this issue on the papers. (D.I. 81 at 19.) On March 20, 2012, the United States Supreme Court issued a decision construing and applying 35 U.S.C. § 101, *Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 132 S.Ct. 1289, No. 10-1150. PMC and P2P contend that *Mayo* supports their position that the '157 patent is not valid. *Mayo* ruled the claims at issue unpatentable--under the "long held…implicit exception" to §101 that "laws of nature, natural phenomena, and abstract ideas are not patentable" (Op. at 1)-- because "the steps in the claimed processes (apart from the natural laws themselves) involve well-understood, routine, conventional activity previously engaged in by researchers in the field," (Op. at 4), akin to the mental processes, i.e. database sorting, Facebook argues the '157 patent reaches. Facebook disagrees and states that the Supreme Court held the claims at issue in *Mayo* to be invalid because they were drawn to laws of nature. The '157 patent claims are not drawn to laws of nature and PMC has not argued so.

**III.   PROPOSED DISCOVERY SCHEDULE**

At the December 14, 2011 hearing, the Court also instructed that the case should proceed, on the assumption that the remaining partial summary judgment motion would be denied. (D.I. 82 at 19-20.) The parties previously filed a Joint Proposed Schedule. (D.I. 83.) Since that filing, Facebook has prepared its Initial Infringement Contentions. The parties therefore propose the following schedule, which shortens the time for serving initial infringement contentions from 60 days to 7 days after entry of a case schedule by the Court.

    **1.**   **Initial Infringement Contentions**

No later than **7** days after entry of the case schedule, Plaintiff shall serve "Initial Infringement Contentions," which shall:

        (1)   identify the patent claims that are allegedly infringed;

 (2) identify the accused products and/or methods that allegedly infringe those claims and specify whether the alleged infringement is literal or falls under the doctrine of equivalents;

 (3) identify where each element of each claim listed in subpart (1), above, is found in each accused product and/or method listed in subpart (2), above; and

 (4) produce all documents supporting Plaintiff's contentions and identify any such supporting documents produced by the accused infringer.

 (5) Such disclosures may be amended and supplemented up to 30 days before the date of the Claim Construction Hearing. After that time, such disclosures may be amended or supplemented only pursuant to ¶ 3(f) or by leave of court, for good cause shown.

**2. Initial Non-Infringement, Invalidity, and Unenforceability Contentions**

No later than **60** days after service of Plaintiff's Initial Infringement Contentions, Defendants shall serve "Initial Non-Infringement, Invalidity, and Unenforceability Contentions," which shall:

 (1) identify as to each element of each claim identified as allegedly infringed, whether such element is present in the accused products and/or services, or whether such element is absent. In the latter regard, Defendants shall set forth the basis for their contention that the element is absent, including identification of documents supporting such contention. As to the doctrine of equivalents, Defendants shall state their contentions concerning non-equivalents;

 (2) produce documents sufficient to show operation of the accused products and/or methods identified in Plaintiff's Initial Infringement Contentions;

 (3) identify prior art that anticipates or renders obvious the identified patent claims in question and, for each such prior art reference, specify whether it anticipates or is relevant to obviousness;

 (4) specify any other grounds for invalidity, such as indefiniteness, best mode, enablement, or written description. If applicable, Defendants shall also specify any other grounds for invalidity or unenforceability, such as inequitable conduct; and

 (5) identify documents supporting Defendants' invalidity or unenforceability defenses.

 (6) Such disclosures may be amended and supplemented up to 30 days before

3

the date of the Claim Construction Hearing. After that time, such disclosures may be amended or supplemented only pursuant to ¶ 3(f) or by leave of court, for good cause shown, except that, if the patentee amends or supplements its preliminary infringement disclosures, the accused infringer may likewise amend or supplement its disclosures, but only to the extent necessary to directly respond to the patentee's amendments or supplements, within 30 days of service of the amended or supplemented infringement disclosures.

3. **Claim Construction Proceedings**

(a) *Exchange of Proposed Claim Terms for Construction and Proposed Constructions*

No later than **120** days after service of Defendants' Initial Non-Infringement, Invalidity, and Unenforceability Contentions, the parties shall simultaneously exchange a list of claim terms to be construed and proposed constructions. Service of the proposed constructions shall be without prejudice to amend the terms to be construed or the constructions.

(b) *Opening Claim Construction Briefs*

No later than **30** days after the simultaneous exchange of proposed constructions, the parties shall file and serve their opening claim construction briefs.

Each brief shall contain a list of claim terms construed, the party's proposed construction of each term, and evidence and argument supporting each construction. Absent leave of court, opening claim construction briefs shall be limited to 25 pages, double spaced, of at least 12-point Times New Roman font or the equivalent.

(c) *Responsive Briefs*

No later than **30** days after filing and service of opening claim construction briefs, the parties shall file and serve responsive briefs. Absent leave of court, responsive briefs shall be limited to 15 pages, double spaced, of at least 12-point Times New Roman font or the equivalent.

(d) *Joint Claim Construction and Prehearing Statement*

No later than **30** days following the exchange and filing of responsive briefs, the parties

shall finalize the list of disputed terms for the Court to construe.

The parties shall prepare and file a Joint Claim Construction and Prehearing Statement that identifies both agreed and disputed terms.

> (1) The joint statement shall note the anticipated length of time necessary for the claim construction hearing and whether any party proposes to call witnesses, including a statement that such extrinsic evidence does not conflict with intrinsic evidence.
>
> (2) The joint statement shall also indicate whether the parties will present tutorials on the relevant technology, the form of such tutorials, and the timing for such tutorials in relation to the claim construction hearing.  If the parties plan to provide tutorials in the form of briefs, declarations, computer animations, slide presentations, or other media, the parties shall exchange such materials 2 days before the claim construction hearing.  In the alternative, the parties may present tutorials through presentations by attorneys or experts at the claim construction hearing.
>
> (3) The joint statement shall include a proposed order in which parties will present their arguments at the claim construction hearing, which may be term-by-term or party-by-party, depending on the issues in the case.
>
> (4) The joint statement shall limit the number of claim terms to be construed and shall prioritize them in order of importance.
>
> (5) The joint statement shall include a joint claim construction chart, noting each party's proposed construction of each term, and supporting evidence.

**(e)** *Claim Construction Hearing*

A Claim Construction Hearing will be held according to the Court's schedule after the filing of the Joint Claim Construction Statement.

**(f)** *Amendments to Contentions*

Within **30** days after the Court's Claim Construction Order, the Parties may amend their contentions in light of the Order or withdraw any contentions.  If either party makes such an amendment, the opposing party will have **14** days to amend its contentions based on the other side's amendment.

4. **Fact Discovery Deadline**

All fact discovery shall be completed **60** days following the Court's Claim Construction Order.

5. **Expert Discovery**

(1) Parties shall disclose the name, address, and curriculum vitae of all expert witnesses opining on issues in which they bear the burden of proof no later than **30** days after the Court's Claim Construction Order.

(2) The name, address, and curriculum vitae of all rebuttal expert witnesses shall be disclosed by no later than **90** days after the Court's Claim Construction Order.

(3) Reports from retained experts under Federal Rule of Civil Procedure 26(a)(2) will be due from the party bearing the burden on a particular issue **30** days after the close of fact discovery with rebuttal reports due **60** days thereafter. Supplementations under Federal Rule of Civil Procedure 26(e) are due no later than **30** days before trial.

(4) Any expert depositions are to be completed **45** days after rebuttal reports are due.

6. **Motions**

Discovery motions addressed to fact discovery issues shall be filed no later than **30** days after the close of fact discovery. Motions for summary judgment shall be filed no later than **30** days after the close of expert discovery.

| FACEBOOK, INC., | PHOENIX MEDIA/COMMUNICATIONS GROUP, INC., PEOPLE2PEOPLE GROUP, INC. and FNX BROADCASTING LLC |
|---|---|
| By its attorneys, | By their attorneys, |
| /s/ *Reuben H. Chen* | /s/ *T. Christopher Donnelly* (with permission) |
| Heidi L. Keefe (pro hac vice) hkeefe@cooley.com Mark R. Weinstein (pro hac vice) mweinstein@cooley.com Reuben H. Chen (pro hac vice) rchen@cooley.com Daniel J. Knauss (pro hac vice) dknauss@cooley.com COOLEY LLP 3175 Hanover Street Palo Alto, CA 94304-1130 Telephone: (650) 843-5000; Facsimile: (650) 857-0663 | T. Christopher Donnelly (BBO# 129930) Donnelly, Conroy & Gelhaar, LLP One Beacon Street, 33rd Floor Boston, Massachusetts 02108 (617) 720-2880 |

OF COUNSEL:
Donald K. Stern (BBO No. 479420)
dstern@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116
Telephone: (617) 937-2300; Facsimile: (617) 937-2400

Dated: May 7, 2012

## **CERTIFICATE OF SERVICE**

      I, Reuben H. Chen, hereby certify that pursuant to Local Rule 5.4(C), this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).  For those parties indicated as non-registered participants, if any, a paper copy will be sent by facsimile and/or U.S. First Class Mail on May 7, 2012.

                                                 */s/  Reuben H. Chen*
                                                   Reuben H. Chen

1026144/HN